**BRIAN MICHAELS**, OSB # 925607
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon   97401
Telephone: 541.687.0578
Fax:    541.686.2137
 brian@brianmichaelslaw.com

MARIANNE DUGAN, OSB #93256
Co-Counsel
259 East 5th Avenue, Suite 200-D
Eugene, Oregon   97401
Telephone:  541.338.7072
Fax:     541.686.2137
 mdugan@mdugan.com

FILED 13 DEC '11 15:37 USDC-ORE

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| CLARK WILLES,<br><br>        Plaintiff,<br><br>    v.<br><br>LINN COUNTY, A Municipality, SHERIFF TIM MUELLER, Duly Elected Sheriff of Linn County;  Deputy Sgt JAMES WELCH, in his individual capacity and as a police official for Linn County Sheriff; Deputy BRAD KELLY, in his individual capacity and as a police official for Linn County Sheriff,<br><br>        Defendants. | Case No.:  11 - C6409 - HO<br><br>**COMPLAINT**<br><br>(FALSE ARREST; VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION; VIOLATION OF FIRST AMENDMENT – RETALIATION; PUNITIVE DAMAGES)<br><br>(Jury Trial Requested) |

## I. INTRODUCTION

1. This is a civil action for damages stemming from the unlawful false reporting of the crimes

of Obstruction of Governmental or Judicial Administration (2 Counts) and Tampering With A Witness

(2 COUNTS) by Defendants Welch and Kelly; and the subsequent false arrest for Obstruction of

Governmental or Judicial Administration (2 COUNTS) and Tampering With A Witness (2 COUNTS)

by Defendants Welch and Kelly.

1  - COMPLAINT

600007082

## II. JURISDICTION

2. This Court has jurisdiction over these claims pursuant to Article III, Section 1 of the United States Constitution and 28 U.S.C. 1331, and 1343. Jurisdiction for the state claims exists under 28 U.S.C. 1367.

3. Venue is properly established in this judicial district pursuant to 28 U.S.C. 1391 (b).

## III. PARTIES

4. At all relevant times, Plaintiff, CLARK WILLES, hereinafter Plaintiff, was a resident of Benton County, Oregon, and a licensed attorney in the State of Oregon, practicing in Linn County, and other Counties in Oregon.

5. Deputy Sergeant JAMES WELCH, hereinafter Defendant WELCH, was at all times relevant an officer of the Linn County Sheriff Department. The acts of defendant WELCH, which are the subject of this lawsuit, were undertaken in the regular course of his employment for defendant Linn County. He is sued both individually and in his official capacity.

6. Deputy Brad KELLY, hereinafter Defendant KELLY, was at all times relevant a Deputy with the Linn County Sheriff's Department. The acts of defendant KELLY, which are the subject of this lawsuit, were undertaken in the regular course of his employment for defendant Linn County. He is sued both individually and in his official capacity.

7. Linn County, hereinafter Defendant County, is a municipal corporation charged with and responsible for appointing and promoting, through the Sheriff of Linn County, members of the Linn County Sheriff's Department. Defendant Sheriff Tim Mueller was at all relevant times a duly elected Sheriff of Linn County. At all relevant times Defendant County and Defendant Sheriff had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their employment, and to see that all orders, rules, training, instructions and regulations

2   -   COMPLAINT

promulgated for the Linn County Sheriff's Department were consistent with the State and Federal Constitutions, Statutes, and the laws of the municipality.

## IV. SUMMARY OF FACTS

8. August 18, 2009, Plaintiff WILLES represented Mr. Carson Douglas Kelly at the trial in the case of State v Carson, Case no. 08-H-019021, for violation offense of furnishing alcohol to a minor. Because this was a violation offense, the state was represented by the lead investigating officer, Defendant JAMES WELCH.

9. This action stems from the accusation by Defendant WELCH and Defendant KELLY that Plaintiff WILLES tampered with State's witnesses at this trial and attempted to make them unavailable for testimony.

10. The court was undertaking several matters in the time frame of this trial. The portion of the transcript of proceedings relevant this action is expressed here:

> Court transcripts from the Linn county court case from the times of 2:44:30-2:47:14
>
> 2:44:30 pm
>
> **JUDGE**: Call your next witness
>
> **WELCH**: Your Honor, I'd like to call Maddy Phillips please
>
> 2:44:56 pm- *Unrelated courtroom business*
>
> **JUDGE:** Do we have Bronwyn Gibson in the courtroom?
>
> ATTORNEY: Your Honor, that's my client. I'm here for her today.
>
> **JUDGE**: Alright. She's present I assume?
>
> ATTORNEY: She is not present
>
> **JUDGE**: Alright. Do we have Dustin Crisman in the courtroom?
>
> (no answer)
>
> **JUDGE**: Alright

2:45:29 pm

**JUDGE:**  Mr. Willes, from your perspective, how much further time do you anticipate?

Willes: Well, considering I have to be in Linn, or Benton County at 4 o'clock, I don't anticipate a lot more time.

**JUDGE:** And Officer, how much do you expect?

**WELCH:** I just have the two witnesses your Honor. Then I guess it will depend on what Mr. Willes has.

**JUDGE:** Alright

2:46:03 pm

**WILLES:** We'll be calling the officer back for a few questions…I guess sergeant

2:46:21 pm *Unrelated courtroom business*

ATTORNEY: Your Honor, for your information, the Gibson matter has been resolved.

**JUDGE:** What is your resolution? What is the charge first of all?

ATTORNEY: (explanation of his case and its resolution)

2:46:59 pm

**JUDGE:** Officer, you don't have any objection to that?

**WELCH:** No, I don't.

2:47:10 pm (Directed to WELCH)

**WILLES:** Who are we trying to get? Which witness?

**WELCH:** (No response)

2:47:14 pm (Directed to the Court)

**WILLES:** What witness are we waiting for?

**WELCH**: Holly Parmenter/**JUDGE**: Maddy Phillips I think is who we're waiting for.

**WILLES**: We had her go and stand out in front of the courthouse so you may want to go there to get her.

11. Defendant WELCH prepared a police report on the crimes of tampering with a and Obstructing Governmental or Judicial Administration witness (2 counts each) based upon the above described events. In his Report, Defendant WELCH reported this:

While waiting for Maddy Phillips to enter the courtroom I noticed Attorney Willes stood up.

Time was ticking by and Judge Brummond asked where my next witness was. I informed him I didn't know and was also surprised that she wasn't coming in as the bench in the hallway is a short distance from the courtroom.

After this brief exchange between myself and Judge Brummond I heard Attorney Willes comment that they were on the front porch. I thought this was odd but dismissed this as **I know some people that attend court get nervous and smoke so they may go on the front steps of the Courthouse to smoke**.

(Emphasis added.)

Critical to this Report is the fact Defendant WELCH acknowledges that however the witnesses arrived at the front steps of the courthouse, it was precisely where witnesses often go, and where WELCH would always go to look for them.

12. The facts known to Defendants WELCH and KELLY do not establish probable cause to arrest Plaintiff for either Tampering With a Witness or Obstructing Governmental Or Judicial Administration, for either Count.

13. The elements of the crime "TAMPERING WITH A WITNESS" are:

**162.285. Tampering with a witness**

5 – COMPLAINT

(1) A person commits the crime of tampering with a witness if:

(a) The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or

(b) The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned.

(2) Tampering with a witness is a Class C felony.

The Indictment specifically charges Plaintiff WILLES with unlawfully and knowingly inducing or attempting to induce a witness to absent herself from an official proceeding to which said witness had been legally summoned by directing her, a State's witness, to go to a location where she would not be immediately available for the official proceeding taking place. In order to obtain this Indictment, Defendants WELCH and KELLY had to provide false testimony to the Grand Jury, and to the prosecuting attorney seeking Indictment. Otherwise, an Indictment would not have been sought, and a true bill Indictment could not have been handed down.

14.    The elements of the crime "OBSTRUCTING GOVERNMENTAL OR JUDICIAL ADMINISTRATION" are:

**162.235. Obstructing governmental or judicial administration**

(1) A person commits the crime of obstructing governmental or judicial administration if the person intentionally obstructs, impairs or hinders the administration of law or other governmental or judicial function by means of intimidation, force, physical or economic interference or obstacle.

(2) This section shall not apply to the obstruction of unlawful governmental or judicial action or interference with the making of an arrest.

(3) Obstructing governmental or judicial administration is a Class A misdemeanor.

The Indictment specifically charges plaintiff WILLES with unlawfully and intentionally obstructing

the judicial function of the Linn County Circuit Court by means of obstacle to wit: directing, a Slate's witness to go to a location where she would not be immediately available for the official proceeding taking place. In order to obtain this Indictment, Defendants WELCH and KELLY had to provide false testimony to the Grand Jury, and to the prosecuting attorney seeking Indictment. Otherwise, an Indictment would not have been sought, and a true bill Indictment could not have been handed down.

15. Based upon the testimony of Defendants WELCH and KELLY, a Grand Jury handed down an Indictment. Based upon the Indictment, an arrest warrant was obtained, and Plaintiff was arrested by Defendant WELCH. These Defendants must have testified falsely to the Grand Jury in order to achieve an Indictment on these charges and counts.

16. A Bench Trial was held before visiting Marion County Judge Graves. Judge Graves dismissed the two counts of Obstructing Governmental Or Judicial Administration, and found Plaintiff Not Guilty on the remaining two Counts of Tampering With A Witness.

17. Plaintiff WILLES has been a criminal Defense Attorney for 25 years, practicing in Linn County for 25 years, including trials in many areas of criminal law from misdemeanors and DUII's to Drug Felonies and Measure 11 felonies and murder. Within hours of the Indictment being handed down against Plaintiff, Linn County District Attorney's Office contacted Plaintiff's co-counsel to have Plaintiff removed from a pending high profile aggravated murder trial, for which Plaintiff was responsible for the Motion practice. Plaintiff is unaware of any other instance where counsel was removed from a case by the state under similar circumstances.

18. Defendants have been aware of Plaintiff as a Defense attorney for 25 years, and have been aware of his successes and his style of litigating and not acquiescing to the desires and standards sought to be imposed by defendants upon practicing defense attorneys. In sum, Defendants sought to punish Plaintiff for his practices as a criminal defense attorney.

**FIRST CLAIM FOR RELIEF**

**(False Arrest)**

**COUNT 1**
**(Violation of Constitutional Right to Substantive Due Process**
**False Arrest and Imprisonment - Seizure)**
**(42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution)**

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. By their actions as described herein, in arresting plaintiff without probable cause, or other constitutionally adequate lawful provision, defendants, each of them, acting under color of statute, ordinance, regulation, custom, or usage, subjected plaintiff to the deprivation of his liberty interest, which constitutes rights, privileges, or immunities secured by the Constitution and laws.

20. As a direct and proximate result of the false arrest, plaintiff sustained actual damages, including loss of his liberty; interference with his employment; interference with his relationship with his family and friends; mental and emotional suffering; humiliation; shame; embarrassment; worry; fear; anguish; shock; nervousness; and anxiety; particularly, the emotional and traumatic damages experienced by Plaintiff are still ongoing, causing huge disturbance in his every day experiences and professional operations; all to his damage in an amount to be ascertained according to proof at trial.

21. As a direct and proximate cause of this false arrest, plaintiff was required to hire a private attorney, whose fee was $50,000.00 plus other expenses to be determined at trial.

22. The actions of the individual defendants, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants, in an amount sufficient to punish them and to deter others from like conduct.

23. Plaintiff was required to hire an attorney to represent him in this matter and is entitled to

an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT 2
### (Violation of Constitutional Right to Substantive Due Process)
### (42 U.S.C. § 1983 – Municipal Liability)
### (Linn County, by and through Linn County Sheriff)

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: the actions and omissions of defendants as described above are official practices, customs, and/or policies of the defendant Linn County, by and through Linn County Sheriff, based upon one or both of the following theories:

      a. The actions taken, and decisions not to take certain actions, in response to the individual defendants' conduct regarding Plaintiff constitute adoption of official practices, customs, and/or policies;

      b. Defendant Linn County, by and through Linn County Sheriff, knew or should have known about the practices described in this complaint, as these practices are so well settled as to constitute a custom or usage, but failed to take affirmative actions to prevent the actions alleged in this complaint.

26. The actions, omissions, policies, customs, and/or practices alleged herein amount to deliberate indifference to plaintiff Willes' constitutional rights.

27. The Linn County policies, by and through Linn County Sheriff, and/or practices were the moving force behind the constitutional violations alleged herein.

28. The defendants' acts and omissions alleged in this complaint resulted in violations of Plaintiff Willes' liberty and property interests.

29. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff WILLES sustained actual damages.

30. Plaintiff was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF
### (Retaliation)

### COUNT 1
### INDIVIDUAL DEFENDANTS
### (42 U.S.C. 1983 – First Amendment Retaliation)

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. The acts and omissions of defendants, as alleged in paragraphs 17 and 18, were taken as a result of and in retaliation against plaintiff for his actions and practices as a criminal Defense attorney which was protected conduct under the First Amendment.

33. By their actions and omissions as described herein, the individual defendant, under color of statute, ordinance, regulation, custom, or usage, acting in both his individual and official capacities, subjected plaintiffs to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, in that the actions and omissions were in retaliation for plaintiff's exercising his rights as a criminal defense attorney, and would unduly chill a person of ordinary firmness from engaging in future such First Amendment activities.

34. As a direct and proximate result of the false arrest, plaintiff sustained actual damages, including loss of his liberty; interference with his employment; interference with his relationship with his family and friends; mental and emotional suffering; humiliation; shame; embarrassment; worry; fear; anguish; shock; nervousness; and anxiety; particularly, the emotional and traumatic damages experienced by Plaintiff are still ongoing, causing huge disturbance in his every day experiences and professional operations; all to his damage in an amount to be ascertained according to proof at trial.

35. As a direct and proximate cause of this false arrest, plaintiff was required to hire a private

attorney, which cost him $50,000.00 plus other expenses to be determined at trial.

36. The actions of the individual defendants, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants, in an amount sufficient to punish them and to deter others from like conduct.

37. Plaintiff was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT 2**
**(Violation of Constitutional Right – First Amendment Retaliation)**
**(42 U.S.C. § 1983 – Municipal Liability)**
**(Linn County, by and through Linn County Sheriff)**

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:  the actions and omissions of defendants as described above are official practices, customs, and/or policies of the defendant Linn County, by and through Linn County Sheriff, based upon one or both of the following theories:

a. The actions taken, and decisions not to take certain actions, in response to the individual defendants' conduct regarding Plaintiff constitute adoption of official practices, customs, and/or policies;

b. Defendant Linn County, by and through Linn County Sheriff, knew or should have known about the practices described in this complaint, as these practices are so well settled as to constitute a custom or usage, but failed to take affirmative actions to prevent the actions alleged in this complaint.

40. The actions, omissions, policies, customs, and/or practices alleged herein amount to

11 – COMPLAINT

deliberate indifference to plaintiff Willes' constitutional rights.

41. The Linn County policies, by and through Linn County Sheriff, and/or practices were the moving force behind the constitutional violations alleged herein.

42. The defendants' acts and omissions alleged in this complaint resulted in violations of Plaintiff Willes' liberty and property interests.

43. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff WILLES sustained actual damages.

44. Plaintiff was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

Dated this 13th day of December 2011,

BY:

/S/ BRIAN MICHAELS
BRIAN MICHAELS, OSB 925607
MARIANNE DUGAN, OSB 93256
Attorneys for Plaintiff